IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Tyrone Deon Mazyck,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Michael Nelson; George R. Vantine, Jr; Director, Al Cannon Detention Center; and Scarlett Wilson,<br><br>　　　　　　Defendants. | C/A: 2:23-cv-04239-SAL<br><br><br>**ORDER** |

Tyrone Deon Mazyck ("Plaintiff"), a *pro se* litigant proceeding *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 against Michael Nelson; George R. Vantine Jr.; Director, Al Cannon Detention Center; and Scarlett Wilson ("Defendants") seeking relief for alleged violations of his constitutional rights. [ECF No. 1.] Plaintiff has been detained in Al Cannon Detention Center for his pending state court criminal trial for accessory after the fact to murder. *Id*. This matter is before the court on the Report and Recommendation (the "Report") issued by United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that this action be dismissed without prejudice or service of process and without leave to amend. [ECF No. 6.] After being advised of his right to file objections, Plaintiff did so on November 13, 2024. [ECF No. 9.] Then, on November 20, 2023, the court received a letter from Plaintiff setting out additional objections. [ECF No. 10.] Also, on November 29, 2023, the court received a motion from Plaintiff requesting appointment of counsel. [ECF No. 11.] Having reviewed the case materials and relevant law, the

1

court adopts the Report and summarily dismisses this case without prejudice and without issuance and service of process.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* But, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal

construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

### I. General Objections

As outlined in the Report, Plaintiff's complaint includes requests for both injunctive relief and damages. *See* ECF No. 6 at 1–3. The Report explains that Plaintiff's claims seeking injunctive relief are precluded based on the abstention doctrine established in *Younger v. Harris*, 401 U.S. 37 (1971), and, further, the relief Plaintiff seeks—namely, the dismissal of Plaintiff's criminal charge—is not available under § 1983. [ECF No. 6 at 6–8.] This court agrees with the magistrate judge's reasoning and adopts the Report without a full recitation here. However, after thoroughly reviewing Plaintiff's objections, the court addresses Plaintiff's many concerns below.

Initially, Plaintiff seems to generally object based on the fact that he "[i]s currently in custody of Al Cannon Detention Center." [ECF No. 9 at 1.] This objection lacks specificity, and, to the extent Plaintiff only generally objects to the Report, his objection is overruled.

Plaintiff further objects to the Report's finding that abstention is appropriate in this case by arguing that, "irreparable injuries are existing and being accrued." [ECF. No. 9 at 2.] However, the Report correctly notes that Plaintiff is able to raise these issues in his state criminal trial. *See* ECF No. 6 at 7–8. As explained in the Report, a federal court should abstain from interfering with an issue currently proceeding in state court if certain criteria are met—"(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty.*

3

*Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Plaintiff's case clearly meets the criteria. Accordingly, Plaintiff's objection is overruled.

**II.    Objections Relating to Defendant Vantine**

Plaintiff next objects to the recommendation that his claims for damages against Defendant Vantine be dismissed. In his complaint, Plaintiff alleges Defendant Vantine misled, falsified, and knowingly omitted critical details in a warrant application. [ECF No. 1 at 6–7.] Specifically, according to Plaintiff, he was "inside of Room 421 at the time principle commit the murder, [so he] couldn't have seen what had took place." *Id.* at 5 (errors in original).

The Report recommends this claim be summarily dismissed because Plaintiff did not need to be physically present during the murder in order to be arrested and charged as an accessory in the crime. *See* ECF No. 6 at 9–11. Thus, Plaintiff's location at the time of the murder was not material to the finding of probable cause, and Defendant Vantine did not violate the Fourth Amendment by omitting that information from the warrant application. *Id.*

In his objections, Plaintiff claims, "Vantine's affidavit failed to mention that Tyrone was inside during the felony act and there was no way Tyrone would have known of the completed felony act, thus eliminating the completion of the 2nd element to accessory to the crime." [ECF No. 9 at 2; *see also* ECF No. 10.] Plaintiff argues, "Vantin[e]'s omission is misleading, and if it were not left out, no probable cause exist." *Id.* (errors in original). Plaintiff further objects due to Defendant Vantine's "deliberate or reckless disregard for the truth," stating, "the material evidence of the video will prove these facts." *Id*. But the Report addresses Plaintiff's allegations that his location in the hotel room somehow disproved his knowledge of the shooting. *See* ECF No. 6 at 11 n.5. As explained there,

> To the extent Plaintiff is attempting to allege that his location in the hotel room was material because it somehow disproved that he had knowledge of the

4

> shooting, his argument is not only flawed, but also a matter to be raised in his criminal proceedings. Indeed, probable cause requires less than the evidence necessary to convict. *See McDuffie v. City of Charleston Police Dep't*, No. 2:21-cv-3641-RMG-MHC, 2023 WL 6643351, at *12 (D.S.C. Aug. 28, 2023), adopted 2023 WL 6157341 (D.S.C. Sept. 21, 2023); *see also Adams v. Williams*, 407 U.S. 143, 149 (1972) (explaining that probable cause does not require "the same type of specific evidence of each element of the offense as would be needed to support a conviction"). Here, the facts—as the Complaint presents them—are that Plaintiff was at the location of the shooting (the Charleston Inn & Suites) when it occurred and apparently took the gun from the principal "to put up" after the crime was committed. (Dkt. No. 1 at 8–9.) In short, Plaintiff did not need to physically witness the shooting to have had knowledge of what happened, nor did the warrant affidavit need to allege such. Accordingly, this argument is equally unpersuasive for purposes of a Fourth Amendment violation.

*Id.* The court agrees with that reasoning and overrules Plaintiff's objection.[1] The court finds Plaintiff's Fourth Amendment claim against Defendant Vantine is subject to summary dismissal.

### III.     Objections Relating to Defendant Wilson

In his complaint, Plaintiff alleges Defendant Wilson, in her official capacity of Ninth Circuit Solicitor, "lead [the] grand jury to believe" false information to obtain an indictment against Plaintiff. [ECF No. 1 at 6.] The Report recommends the court dismiss this claim as Defendant Wilson is entitled to prosecutorial immunity. [ECF No. 6 at 12.] Plaintiff objects, stating that "her alone supervisory role at the solicitor's office actions violates my civil rights." [ECF No. 9 at 3.] The Report draws from *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), and *Dababnah v. Keller-Burnside*, 208 F.3d 467, 468 (4th Cir. 2000), to explain that as a solicitor, Defendant Wilson is entitled to absolute immunity from personal liability under § 1983 for alleged civil rights violations arising from actions and activities within the judicial phase of the criminal process.

---

[1] In the letter received on November 20, 2023, Plaintiff again objects to the Report's discussion of Plaintiff's claim against Defendant Vantine. [ECF No. 10 at 1–2.] He argues the Report "leaves out the truth of the matter and that shows signs of bias . . . ." *Id.* at 2. The court has reviewed the record and agrees with the magistrate judge's recitation of the fact and application of law as to this claim.

5

[ECF 6 at 3.] The Report also mentions that consistent with *Van de Kamp v. Goldstein*, 555 U.S. 335, 340–43 (2009), and *Nero v. Mosby*, 890 F.3d 106, 117 (4th Cir. 2018), the claims against Defendant Wilson are subject to summary dismissal under the doctrine of prosecutorial immunity in the interest of protecting prosecutors from retaliatory litigation. [ECF 6 at 12, 13.] Plaintiff's objections based on Defendant Wilson's "supervisory role" have no bearing on prosecutorial immunity. As such, his objection is overruled. Plaintiff's claims against Defendant Wilson are subject to summary dismissal.

IV.   **Objections Relating to Defendant Nelson**

In the complaint, Plaintiff alleges claims against Defendant Nelson, Plaintiff's attorney in the state court case, because Defendant Nelson allegedly waived a preliminary hearing without Plaintiff's consent. [ECF No. 1 at 5.] The Report recommends those claims be dismissed since § 1983 only provides a remedy for violations of constitutional rights by state actors, and not private conduct, which includes actions by defense attorneys whether privately retained, court appointed, or a public defender. [ECF No. 6 at 11.] Plaintiff objects to the recommended dismissal of the claims against Defendant Nelson, but he only restates his claims against Defendant Nelson. *See* ECF No. 10 at 2–3. He does not and cannot remedy the deficiencies in this claim. Defendant Nelson was not a state actor, and § 1983 does not provide relief. Accordingly, the court overrules this objection, as well. The claims against Defendant Nelson are summarily dismissed.

V.   **Objections Relating to Defendant Director of Al Cannon Detention Center**

Plaintiff objects to the recommended dismissal of the claims against the Director of Al Cannon Detention Center on the grounds that, "the director should have known of unconstitutional detention. The director is responsible for every detainee at this institution" [ECF No. 9 at 3.] Again, this objection is a restatement of Plaintiff's original claim against this Defendant. [ECF No. 1 at

6.] But the court agrees with the Report. There is no basis in law or fact for this contention as there is no legal obligation for the director of Al Cannon Detention Center to intervene on behalf of a detainee in this or similar circumstances. Plaintiff's objection is overruled. The allegations against the director of Al Cannon are frivolous and must be summarily dismissed. *See* ECF No. 6 at 13.

**V.     Motion for Appointment of Counsel and Extension**

On November 29, 2023, the court received a letter from Plaintiff asking that the court appoint counsel to represent him in this case. [ECF No. 11.] There is no right to counsel in cases brought pursuant to 42 U.S.C. § 1983. *Hardwick v. Ault*, 517 F. 2d 295 (5th Cir. 1975). The court has discretion to appoint counsel for an indigent in a civil action. 28 U.S.C. § 1915(d); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971). However, the appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).

The court does not find that exceptional circumstances exist in the instant case despite Plaintiff's claims that he is unable to afford counsel and is currently incarcerated with "limited access to the law library & limited knowledge in the law" and where "a trial in this case will likely involve conflicting testimony and counsel would better enable Plaintiff to present evidence and cross examine witnesses." [ECF No. 11.] As set forth above, each of Plaintiff's claims are subject to summary dismissal. Thus, there is no reason to appoint counsel.

Plaintiff also requests an extension to bring his complaint into the proper form. [ECF No. 11 at 2.] However, as discussed above, for the most part, the deficiencies in Plaintiff's complaint cannot be remedied by amended pleadings—the Defendants are immune from suit or § 1983 does not afford the relief Plaintiff seeks. Plaintiff has not demonstrated that an extension of time is appropriate in this case.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, and having performed a *de novo* review of the Report, the court hereby adopts the Report and Recommendation, ECF No. 6. For the reasons discussed above and in the Report, Plaintiff's action is **SUMMARILY DISMISSED without prejudice and without issuance and service of process.** Additionally, Plaintiff's motion to appoint counsel, ECF No. 11, is **DENIED.**

 **IT IS SO ORDERED.**

July 10, 2024                  Sherri A. Lydon
Columbia, South Carolina           United States District Judge